FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS O., | No. 2:25-CV-00283-ACE |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 16, 20** |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 16, 20. Attorney Amy Gilbrough represents Plaintiff; Special Assistant United States Attorney Melissa A. DelGuercio represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion; **DENIES** Defendant's Motion; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

### JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on May 19, 2020, alleging onset of disability on December 15, 2018. Tr. 209. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on April 12, 2022, and issued an unfavorable

ORDER - 1

decision on July 26, 2022, Tr. 17-31.  The Appeals Council denied Plaintiff's request for review; however, on February 20, 2024, the undersigned remanded the case for additional proceedings.  *See* 2:23-CV-00212-ACE (ECF No. 14).  The matter was remanded, a new administrative hearing was held, and, on March 10, 2025, ALJ Shumway again issued an unfavorable decision, Tr. 788-806.  Plaintiff filed the instant action for judicial review on August 1, 2025. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

ORDER - 2

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 10, 2025, ALJ Shumway issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 788-806.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through December 31, 2023, had not engaged in substantial gainful activity since the alleged onset date, December 15, 2018. Tr. 791.

At step two, the ALJ determined Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease, mild degenerative joint disease of the left knee, obesity, carpal tunnel syndrome, and ulnar neuropathy. *Id*.

///

///

ORDER - 3

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 795.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a full range of light work, with the following additional limitations:

> he could stand and walk for 2 hours total, in combination, in an 8-hour workday, and he requires an at-will sit-stand option; he could perform all postural activities occasionally; he could frequently reach overhead, handle, and finger; he could not have concentrated exposure to hazards, such as unprotected heights or moving mechanical parts.

Tr. 794.

At step four, the ALJ indicated there would be no inquiry regarding Plaintiff's past relevant work and the matter would thus be expedited to step five. Tr. 804.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including the jobs of microelectronics processor, telephone solicitor, and reception clerk.  Tr. 804-806.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, December 15, 2018, through the date last insured, December 31, 2023.  Tr. 806.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review:  (1) whether the ALJ erred when he found Plaintiff could sit and stand "at will" without identifying how much

ORDER - 4

time Plaintiff could either sit or stand; (2) whether the ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony; and (3) whether the ALJ gave sufficient reasons for rejecting the opinions of Ryan Agostinelli, PA-C.  ECF No. 16 at 2.

## DISCUSSION

### A.    Plaintiff's Subjective Complaints

Plaintiff contends the ALJ erred by failing to properly assess Plaintiff's subjective complaints.  ECF No. 16 at 6-20.  Defendant's response argues substantial evidence supports the ALJ's evaluation of Plaintiff's subjective symptom testimony.  ECF No. 20 at 2-12.

It is the province of the ALJ to make credibility determinations.  *Andrews*, 53 F.3d at 1039.  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996).

The ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not consistent with the medical and other evidence of record. Tr. 796.  The ALJ listed five reasons to discount Plaintiff's allegations of disabling symptoms:  (1) the objective medical evidence, particularly normal neurological

ORDER - 5

findings; (2) Plaintiff's conservative course of treatment; (3) Plaintiff's past recorded statements suggesting improvement; (4) Plaintiff's inconsistent work history; and (5) Plaintiff's high functioning activities of daily living.  Tr. 796.

The ALJ indicated that Plaintiff's activities of daily living undermined his allegations of disabling limitations.  Tr. 796, 799-800.  The ALJ documented "highly exertional activities" like weed-whacking and other yardwork, working on a car for two days, and doing other work around his mother-in-law's home for a week, as support for his finding that Plaintiff could sustain a lesser level of work activity over time.[1]  Tr. 799-800.

The undersigned previously rejected this ground because the activities noted were neither inconsistent with nor a valid ground to discount Plaintiff's testimony, Tr. 884-885, yet the ALJ discounted Plaintiff's subjective complaints on the same rejected basis.  See Jackson v. Berryhill, 2018 WL 1466423 at *2 (W.D. Wash. 2018) (citing Ischay v. Barnhart, 383 F.Supp.2d 1199, 1213-1214 (C.D. Cal. 2005); Sullivan v. Hudson, 490 U.S. 877, 886 (1989) (citations omitted) (deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review); see also United Gas Improvement Co. v. Continental Oil Co., 381 U.S. 392, 406 (1965) (explaining that the agency must act upon the court's correction on remand).  Furthermore, the Court finds that the activities cited by the ALJ continue to be an invalid reason to discount his allegations.  See Diedrich v. Berryhill, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing

---

[1] The ALJ referenced these same activities in his July 26, 2022 decision, Tr. 28, and the undersigned noted in the remand order that "the evidence cited [by the ALJ] indicates Plaintiff's pain was aggravated and fatigue elevated by performing yardwork, working on his mother-in-law's car, and doing work around his mother-in-law's home," Tr. 884 citing Tr. 662, 664.

ORDER - 6

checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.  One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.").  The ALJ again erred by discounting Plaintiff's testimony on this ground.

The ALJ also determined Plaintiff's inconsistent work history was an appropriate reason to discount Plaintiff's subjective complaints.  Tr. 796, 799-800. The ALJ specified that Plaintiff did not stop working because of his impairments, but rather because his employer closed, and Plaintiff pursued a CDL after the job ended.  Tr. 799-800.  The ALJ noted this same finding in his July 26, 2022 decision, Tr. 24, 27, and the undersigned specifically determined in the prior remand order that substantial evidence did not support the ground, Tr. 885-886. *See Jackson*, 2018 WL 1466423 at *2; *Sullivan*, 490 U.S. at 886; *United Gas Improvement Co.*, 381 U.S. at 406.  The ALJ erred by discounting Plaintiff's testimony on the same rejected ground.

The ALJ also found Plaintiff's largely conservative course of treatment for his symptoms undermined his claim about the severity of his impairments.  Tr. 796, 798.  Evidence of "conservative treatment" is sufficient to discount a claimant's testimony regarding severity of an impairment.  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (finding conservative treatment suggests a lower level of both pain and functional limitation).

ORDER - 7

The ALJ's "conservative treatment" ground focused on Plaintiff's limited engagement with physical therapy. Tr. 798 (finding "[a] claimant who is truly debilitated by his symptoms will put in the hard work required by PT, but a claimant who, as in this case, is less troubled by his symptoms, is less likely to follow through on PT and more likely to pursue easier treatment, like taking medications or injections."). The ALJ indicated Plaintiff's failure to put in the hard work of physical therapy, with only seven total sessions, undermined his allegations of debilitating symptoms. Tr. 798. However, as noted in Plaintiff's briefing, the record reflects that Plaintiff followed through with treatment recommendations by engaging in physical therapy and the PT was terminated on the recommendation of his therapists, Tr. 332, 569, because his condition was not improving and he experienced an increase in pain. ECF No. 16 at 12-16.

Social Security Ruling[2] 16-3p sets forth that the Commissioner "will not find an individual's symptoms inconsistent with the evidence . . . without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." It further states that the Commissioner "will explain how we considered the individual's reasons [for not pursuing treatment] in our evaluation of the individual's symptoms." SSR 16-3p at 2017 WL 5180304 *10. Because the ALJ did not consider and/or discuss the reasons why Plaintiff discontinued his physical therapy, the ALJ erred by rejecting Plaintiff's subjective complaints based of his treatment history.

The ALJ also found Plaintiff's statements indicating an improvement of symptoms suggested that Plaintiff's impairments were not as limiting as alleged. Tr. 796, 799. An ALJ may rely on the effectiveness of treatment to find a

---

[2]Social Security Rulings (SSRs) "do not carry the 'force of law,' but they are binding on ALJs nonetheless." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

ORDER - 8

plaintiff's testimony unpersuasive. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (an ALJ may properly rely on a report that a plaintiff's mental symptoms improved with the use of medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting impairments that are controlled by treatment cannot be considered disabling).

The ALJ indicated Plaintiff reported significant success with medial branch blocks, ablations, and trigger point injections and reported his pain was adequately controlled with Flexeril. Tr. 799. However, as noted by Plaintiff, he had the first block in July 2020, with about six hours of relief of his pain, Tr. 450, 455, he had a second block in August 2020 with temporary improvement, Tr. 427, and he subsequently underwent radiofrequency nerve ablations and epidural steroid injections to attempt to alleviate his continued pain. ECF No. 16 at 13. A progress note from September 20, 2023, indicated Plaintiff's prior treatments, including steroid injections and nerve ablations, only provided moderate short term improvement in his symptoms. Tr. 1381. Plaintiff used Flexeril as needed for his symptoms but indicated he only used Flexeril when he absolutely had to due to sedation, Tr. 1381, and, as indicated by the ALJ, Plaintiff reported that Flexeril only took the edge off, Tr. 799, 1201. The Court finds the record reflects Plaintiff's reports of symptom improvement were short lived and do not show that Plaintiff was in less pain than he alleged. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

The ALJ also determined Plaintiff's subjective complaints were inconsistent with the objective medical evidence of record. Tr. 796-798. However, the Ninth Circuit has determined that "symptoms may not be disregarded solely because they are not substantiated by the objective medical evidence." *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991) (Once a claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject the claimant's subjective complaints based solely on a lack of objective medical evidence to fully

ORDER - 9

corroborate the alleged severity of pain.); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (An ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence."). Given all other reasons provided by the ALJ for rejecting Plaintiff's allegations have been deemed invalid by this Court, *see supra*, a lack of supporting objective medical evidence may not be the sole factor for rejecting Plaintiff's symptom testimony.

Based on the foregoing, the Court finds the ALJ erred by failing to properly assess Plaintiff's subjective complaints.

**B.    At-Will Sit-Stand Option**

Plaintiff argues the ALJ erred when he found Plaintiff could sit and stand "at will" without identifying the amount of time Plaintiff could remain sitting or standing at one time to determine the impact on the occupational base. ECF No. 16 at 4-6. Defendant responded that the ALJ's inclusion of an "at-will sit-stand option" in the RFC assessment represented that Plaintiff was permitted to change positions between sitting and standing as needed throughout the workday without the imposition of a rigid time restriction. ECF No. 20 at 17-20.

The text of SSR 96-9p clearly outlines the ALJ's responsibility when undertaking an RFC assessment that includes a sit-stand option: "The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96-9p at 1996 WL 374185 *7. Although Defendant argues the ALJ fulfilled the SSR 96-9p requirement by finding that Plaintiff would need an "at will" sit-stand option, ECF No. 20 at 18-19, the ALJ did not define "at will" or otherwise identify the specific amount of time Plaintiff would be able to sit or stand at one time.

The Court finds Plaintiff is entitled to remand on this issue. On remand, the ALJ will be instructed to make a finding, supported by substantial evidence, regarding the amount of time Plaintiff would be able to remain sitting at one time

ORDER - 10

and standing at one time as he alternates periods of sitting and standing. Supplemental vocational expert testimony will also be necessary to clarify the impact on the occupational base.

**C.    Ryan Agostinelli, PA-C**

Plaintiff contends the ALJ erred by improperly evaluating the opinion of consultative examiner Ryan Agostinelli, PA-C. ECF No. 16 at 20-24. Defendant responds that the ALJ's assessment of the medical opinion evidence of record was reasonable and supported by substantial evidence. ECF No. 20 at 12-17.

PA-C Agostinelli opined that Plaintiff could stand or walk up to two hours in an eight-hour workday and sit for two to three hours in an eight-hour workday.[3] Tr. 466. The ALJ found the opinion persuasive, in part, but rejected the sitting limitation identified by PA-C Agostinelli finding such a restriction was not supported by the examination findings and inconsistent with the longitudinal record. Tr. 801-802.

Since the undersigned finds the ALJ erred by failing to properly assess Plaintiff's subjective complaints and failing to identify the specific amount of time Plaintiff would be able to sit or stand at one time, *see supra*, and given this matter must be remanded to address those errors, the Court finds, without discussion, that the ALJ shall also be directed to again reevaluate and reweigh this examining medical professional's opinion.[4]

---

[3]PA-C Agostinelli noted Plaintiff presented with obvious limitations regarding range of motion of low back and bilateral legs, his left leg was found to be significantly weaker than his right, he resorted to rolling directly off of the table onto the floor to then stand from a supine position, and he exhibited significant difficulty with taking his shoes and socks on and off. Tr. 466.

[4]The undersigned determined in the February 20, 2024 remand order that the ALJ erred by discounting PA-C Agostinelli's opinion. *See* Tr. 882-885.

ORDER - 11

## CONCLUSION

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made and that it is appropriate that the reconsideration of Plaintiff's claim be performed by a different ALJ on remand. *See Reed v. Massanari*, 270 F.3d 838, 845 (9th Cir. 2001) (remanding to different ALJ for fair consideration of evidence despite no indication of ALJ bias); *Ortiz v. Chater*, 1997 WL 50217 at *3 n.1 (E.D. N.Y. 1997) (finding that "rather than have the same ALJ review the claims a third time, a fresh look by another ALJ would be beneficial.").

On remand, the ALJ will be instructed to perform the sequential analysis anew. The ALJ shall reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements. The ALJ shall reevaluate Plaintiff's RFC, taking into consideration the October 2020 opinion of PA-C Agostinelli and any other medical opinion evidence or testimony relevant to Plaintiff's disability claim. With respect to the requirement of a sit-stand option, the ALJ shall make a finding, supported by substantial evidence, regarding the amount of time Plaintiff would be able to remain sitting at one time and standing at one time as he alternates periods of sitting and standing. The ALJ shall also obtain supplemental vocational expert testimony to clarify the implications of a sit-stand option. Finally, the ALJ shall take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

ORDER - 12

Accordingly, **IT IS HEREBY ORDERED:**

1.      Plaintiff's motion to remand, **ECF No. 16**, is **GRANTED**.

2.      Defendant's motion to affirm, **ECF No. 20**, is **DENIED**.

3.      The Commissioner's final decision is **REVERSED,** and this case is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.      An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**.  The District Court Executive shall file this Order and provide copies to counsel.  **Judgment shall be entered for Plaintiff and the file shall be CLOSED**.

DATED March 13, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 13